FILED
U.S. DISTRICT COURT
STATESBORO DIV.

2012 SEP 14 AM 11:44

CLERK_R Cook
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GEORGE NICK KOURANOS,

Plaintiff,

vs.

CIVIL ACTION NO.: CV612-004

DR. RONALD MOSELY,

Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff George Nick Kouranos ("Plaintiff"), an inmate currently incarcerated at Jackson County C.I. in Jefferson, Georgia, filed an action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference against an oral surgeon who provided care to Plaintiff while he was incarcerated at Wheeler Correctional Facility in Alamo, Georgia. On August 2, 2012, Defendant filed a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Defendant filed a Motion for Summary Judgment and that a response must be filed by August 27, 2012. (Doc. No. 40). That Notice further advised Plaintiff that:

1. If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff has failed to file a response to Defendant's Motion for Summary Judgment. However, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). Specifically, the court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). For the following reasons, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE[1]

Plaintiff contends that Defendant,[2] an oral surgeon who performed an operation on him, wrongfully anesthetized him. (Doc. No. 1, p. 8). Plaintiff also contends that Defendant wrongfully removed four (4) of his "perfectly good teeth" during the surgery. (Doc. No. 1, p. 9). Defendant contends that he was not deliberately indifferent to any of Plaintiff's medical needs.

---

[1] In his Motion for Summary Judgment, Defendant addresses five (5) allegations of misconduct purportedly brought by Plaintiff. (Doc. No. 38, p. 3). These five (5) allegations were discussed during Plaintiff's deposition. However, only two (2) allegations of misconduct were brought in Plaintiff's Complaint. (See Doc. No. 1). The other allegations were stated in Plaintiff's Motion to Amend his Complaint. (Doc. No. 31). However, Plaintiff was denied leave to amend his Complaint to add those claims. (Doc. No. 36). As a result, the three (3) allegations not brought in Plaintiff's Complaint are not pending. The Court will discuss the two (2) pending allegations of misconduct.

[2] Defendant is a private oral surgeon who is contracted to provide care to state prisoners. "That a privately employed prison physician acts under color of state law for the purposes of liability under 42 U.S.C. § 1983 remains well settled." Hinson v. Edmond, 192 F.3d 1342, 1347 n.5 (11th Cir. 1999) (citing West v. Atkins, 487 U.S. 42 (1988); Ancata v. Prison Health Services, Inc., 769 F.2d 700 (11th Cir. 1985)).

2

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most

favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cnty., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

The Eighth Amendment's prohibition against the use of cruel and unusual punishment imposes a constitutional duty upon prison officials to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citation omitted). "[D]eliberate indifference to serious medical needs of prisoners" results in a violation of that duty. Id. at 835 (citation omitted). Deliberate indifference "requires more than ordinary lack of due care for the prisoner's interests or safety." Id. (internal punctuation and citation omitted). Importantly, with regard to a prison official's state of mind, a subjective standard is used, requiring the prison official to know of and disregard an excessive risk to inmate health or safety. Id. at 837. "[N]ot every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal punctuation and citation omitted).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id.

4

(citation omitted). With regard to the second prong, the Court of Appeals for the Eleventh Circuit applies the Farmer standard "requiring that a defendant know of and disregard an excessive risk to an inmate's health or safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995) (citations omitted). To show a violation of the Farmer standard, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327 (alteration in original) (citation omitted). "[A] 'simple difference in medical opinion' is not deliberate indifference." Simpson v. Holder, 200 F. App'x 836, 839 (11th Cir. 2006) (quoting Waldrop v. Evans, 971 F.2d 1030, 1033 (11th Cir. 1989)). A claim that an inmate did not receive the medical attention he deemed appropriate is legally insufficient to sustain a cause of action for deliberate indifference to serious medical needs. See Harris, 941 F.2d at 1505 (noting that a mere difference of opinion as to a prisoner's diagnosis or course of treatment does not support a claim under the Eighth Amendment). In instances where a deliberate indifference claim turns on a delay in treatment rather than the type of medical care received, the factors considered are: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Goebert, 510 F.3d at 1327.

The uncontested material facts show that Plaintiff had what he believed was an abscessed tooth. (Doc. No. 1, p. 7). On December 2, 2010, Plaintiff was instructed to go to the prison's medical department. (Id.). Plaintiff was told that the medical department was not yet ready to see him, and he was instructed to go eat breakfast. (Id.). After eating breakfast, Plaintiff returned to the medical department. (Id.). Plaintiff

5

was then taken to see Defendant in Vidalia, Georgia. (Doc. No. 1, p. 8). Defendant is an oral surgeon. (Id.). Defendant took x-rays and told Plaintiff he was going to remove a cyst from Plaintiff's jaw. (Id.). Plaintiff agreed to removal of the cyst. (Id.; see also Doc. No. 38, p. 29). Defendant performed the operation and removed the cyst along with Plaintiff's four (4) teeth that were located above the cyst. (Doc. No. 1, p. 9). Plaintiff did not see Defendant again. (Doc. No. 38, p. 19).

Plaintiff alleges that he should not have been anesthetized after eating breakfast and that Defendant wrongfully anesthetized him. (Doc. No. 1, p. 8). Plaintiff also alleges that Defendant wrongfully removed four (4) of his "perfectly good teeth" during the surgery. (Doc. No. 1, p. 9). At the summary judgment stage, the Court reads Plaintiff's allegations in a light most favorable to him.

Assuming, without deciding, that Plaintiff could satisfy the objective and subjective components of his deliberate indifference claim regarding the administration of anesthesia, Plaintiff has not shown that there is a genuine dispute as to any material fact regarding whether any injury has been caused by Defendant's administration of anesthesia. Plaintiff's testimony reads as follows:

> Q: [D]o you agree that even though [Defendant] proceeded with the case and put you under anesthesia, even though he knew you had eaten after midnight, you did not actually get injured as a result of him doing that?
>
> A: No, I did not.
>
> Q: You did not?
>
> A: Best of my knowledge, no, I did not.
>
> Q: So your claim against [Defendant] regarding him putting you under anesthesia, your claim is that he exposed you to a possible risk of injury and you don't think he should have done that?

> A: Correct.
>
> Q: But you are agreeing that you did not actually suffer any injury. Although injury was possible, nothing actually happened to you in your case; is that true?
>
> A: Physically, yeah. I mean, I might have been scared to death. Do you know what I mean? I might have been mentally scared or injured mentally or something, but no, not physically, no, I did not. To the best of my knowledge, I didn't physically, I guess, get hurt, unless there's, like, something—if something—if do you eat and something happens and it's a long-term effect, I have no idea. . . .
>
> Q: And as we sit here today two years after the procedure, you will agree that you're not aware of any injury you suffered as a result of [Defendant] proceeding with the case?
>
> A: No.
>
> Q: Is that true?
>
> A: That's true.

(Doc. No. 38, pp. 20–21). Because Plaintiff cannot show that there is a genuine dispute as to any material fact regarding whether Defendant's administration of anesthesia caused any injury, Plaintiff cannot succeed on a claim for deliberate indifference with regard to the administration of anesthesia. See Goebert, 510 F.3d at 1326, 1327.

Assuming, without deciding, that Plaintiff could satisfy the objective component of his deliberate indifference claim regarding the removal of his teeth, Plaintiff has not shown that there is a genuine dispute as to any material fact regarding whether Defendant disregarded a known risk of harm to Plaintiff. Plaintiff's testimony reads as follows:

> Q: Do you accept the possibility that the lesion that was in your lower jaw was so big that it was affecting all four of the teeth that [Defendant] removed?
>
> A: I mean, I'm sure it's possible. . . .

AO 72A
(Rev. 8/82)

Q: But do you understand and agree that you're not able to see with your eyes how far under the surface that that lesion went?

A: Correct.

Q: And that once [Defendant] started operating, he was in a much better position to see how extensive that lesion was; do you agree with that?

A: Yeah.

Q: So you do acknowledge the possibility that when [Defendant] got in to start removing the lesion, it was more extensive than you thought, and, in fact, that lesion was affecting all four of the teeth that had to be removed? Do you accept that that's at least a possibility in your mind?

A: I'm sure it could have been. . . .

Q: -- as of today, you and me sitting at this table, have any dentists or doctors told you that [Defendant] made a mistake somehow in removing those four teeth?

A: No.

(Doc. No. 38, p. 22). Plaintiff has offered no evidence tending to show that Defendant's removal of four (4) of Plaintiff's teeth was medically incorrect. As previously discussed, a claim that an inmate did not receive the medical attention he deemed appropriate is legally insufficient to sustain a cause of action for deliberate indifference to serious medical needs. See Harris, 941 F.2d at 1505 (noting that a mere difference of opinion as to a prisoner's diagnosis or course of treatment does not support a claim under the Eighth Amendment). Plaintiff has offered no evidence in support of his claim that Defendant disregarded a known risk to Plaintiff's health. As a result, Plaintiff cannot prove the subjective prong of his deliberate indifference claim against Defendant. Goebert, 510 F.3d at 1327.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 14th day of September, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)